IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE F. SHUPP and JUDITH A. SHUPP, <br> Plaintiffs | : <br> : <br> : |
| vs. | : CIVIL ACTION NO. <br> : |
| READING BLUE MOUNTAIN AND <br> NORTHERN RAILROAD COMPANY <br> a/k/a READING AND NORTHERN, <br> Defendant | : <br> : <br> : <br> : |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Reading Blue Mountain & Northern Railroad Company ("RBMN") hereby makes and files this Notice of Removal for the removal of the above-captioned action to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§ 1441 and 1446. The basis for federal court jurisdiction is 28 U.S.C. §§ 1331 and 1337. In support of this Notice of Removal, RBMN respectfully states as follows:

1. On or about October 21, 2010, Plaintiffs appear to have filed a Complaint seeking to restore two private railroad crossings – one which had been removed in the 1990s (Complaint ¶ 12) and one which was removed more than six months ago (Complaint ¶ 16) ("State Court Action"). A true and correct copy of the Complaint is attached as Exhibit A.

2. On or about October 21, 2010, Plaintiffs appear to have also filed a Petition for Rule 1531 Special Injunctive Relief ("Injunction Petition") seeking relief under Pennsylvania Rule of Civil Procedure No. 1531, *inter alia*, to require RBMN to immediately restore

and maintain at least one of the two previously removed private railroad crossings. The Injunction Petition is attached as Exhibit "B."

3. Neither the Complaint nor the Injunction Petition was properly served. On November 4, 2011, RBMN filed Preliminary Objections under Rule 1028(a)(1) of the Pennsylvania Rules of Civil Procedurebased on lack of service/lack of jurisdiction. *See* Preliminary Objections and brief attached thereto as Exhibit "C".

4. On November 7, 2011, the State Court issued Orders setting a hearing on the Petition for Injunctive Relief and the Preliminary Objections for November 15, 2011, at 8:00 a.m. *See* State Court Orders dated November 15, 2011, attached as Exhibit "D".

5. RBMN is a Pennsylvania corporation with its principal place of business at One Railroad Boulevard, Port Clinton, Pennsylvania, 19549, and the Middle District of Pennsylvania embraces the county in which the State Court Action is now pending.

6. In the State Court Action, Plaintiffs assert counts for mandatory injunctive relief (Counts I and II) based on a purported "Railroad Deed" they contend applies to RBMN (without any proof that it applies to the RBMN tracks in question or to the at-grade private railroad crossings that were removed); for an easement by necessity (Count III); for an easement by implication (Count IV); for ejectment seeking to dispossess RBMN from its railroad tracks near Plaintiffs' fields (Count V); for a permanent mandatory injunction (Count VI); and for damages (Count VII).

7. Preemption of a state law cause of action by federal law is jurisdictional in nature and authorizes removal to federal court even if the underlying petition/complaint is artfully plead to include solely state law claims for relief or if the federal issue is initially raised

as a defense. *See PCI Transportation, Inc. v. Forth Worth & Western R. Co.*, 418 F.3d 535, 542 (5th Cir. 2005).

8. RBMN is a common carrier by rail transporting interstate commerce subject to the jurisdiction of the Surface Transportation Board ("STB") and the Interstate Commerce Termination Act of 1995 ("ICCTA"), 49 U.S.C. §10101, *et seq.* The safety of the rail lines is also governed by the Federal Rail Safety Act ("FRSA"), 49 U.S.C. §20101, *et seq.*, and the regulations promulgated under ICCTA and FRSA.

9. The rail line at issue is a railroad transportation facility subject to the exclusive jurisdiction of the STB under 49 U.S.C. §10501(b).

10. Section 10903(a)(1) of ICCTA provides that an abandonment of a rail line or the discontinuance of service over a rail line by a rail carrier such as RBMN "may be carried out *only as authorized* under this [Chapter 109 of Title 49]."

11. The safety of RBMN's railroad facilities, including crossings such as the ones at issue here, are subject to the jurisdiction of the Federal Railroad Administration ("FRA") under FRSA.

12. Section 10501 of ICCTA provides for exclusive jurisdiction in the STB with respect to "transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules . . . practices, routes, services *and facilities of such carriers*" and "the construction, acquisition, *operation, abandonment*, or *discontinuance* of spur, industrial, tea, switching, or side tracks, *or facilities*, even if the tracks are located. . . entirely in one state." (emphasis added). 49 U.S.C. §10501(b).

13. The preemption provision of FRSA states that, "[l]aws, regulations and orders related to railroad safety shall be nationally uniform to the extent practicable. A State may adopt or

{P0132329}

continue in force a law, regulation, or order related to railroad safety until the Secretary of Transportation prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation, or order related to railroad safety when the law, regulation or order – (1) is necessary to eliminate or reduce an essentially local safety hazard; (2) is not incompatible with a law, regulation, or order of the United States Government; and (3) does not unreasonably burden interstate commerce." 49 U.S.C. § 20106.

14. Plaintiffs are seeking an injunction that would interfere with RBMN's ongoing railroad operations and would require the expenditure of additional costs to satisfy the requirements of ICCTA and FRSA, as recently amended by the Rail Safety Improvement Act of 2008, and the federal regulations promulgated thereunder relating to (private) rail crossings.

15. Plaintiffs seek ejectment of RBMN from certain of its railroad tracks which would require RBMN to abandon its railroad line and discontinue service, not only along the Plaintiffs' property but along its line of railroad. This would severely disrupt rail service to one of RBMN's most significant customers and a large regional employer. The authority of the STB over abandonments and discontinuances is both plenary and exclusive. *Chicago & North Western Transportation Co. v Kalo Brick & Tile Co.*, 450 U.S. 311, 318-319 (1980).

16. This is a civil action over which the District Court for the Middle District of Pennsylvania has original jurisdiction under 28 U.S.C. § 1331 and §1337, and one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b).

{P0132329}

17. The instant Notice of Removal is being filed within 30 days of receipt of the Complaint and Petition for injunctive relief though neither the Petition nor Complaint has been properly served as of yet.

18. Written notice of the filing of this Notice of Removal will be served on Plaintiffs' counsel, pursuant to 28 U.S.C. § 1446(d). Written notice of this Notice of Removal and a copy thereof, a copy of which is attached hereto as Exhibit "E", will also be filed with the Wyoming County Court of Common Pleas, pursuant to 28 U.S.C. § 1446(d).

19. By this Notice of Removal, RBMN is not waiving, and expressly reserves, its right to contest personal jurisdiction and the sufficiency of the State Court Action.

WHEREFORE, Defendant Reading & Blue Mountain and Northern Railroad Company requests that this action proceed in this Court as an action properly removed thereto.

Respectfully submitted,

Dated: November 14, 2011 **THORP REED & ARMSTRONG LLP**

By: s/Lisa Carney Eldridge
Eric M. Hocky
Lisa Carney Eldridge
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
P (215) 640 8500 / F (215) 640 8501
Attorneys for Defendant

{P0132329}

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing document to be served, via prepaid United States mail, on the 14th day of November, 2011, upon counsel for Plaintiffs:

>Timothy M. Michaels, Esquire
>114-1 Warren Street
>Tunkhannock, PA 18657

>>s/Lisa Carney Eldridge
>>Lisa Carney Eldridge

{P0132329}